IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN WAYNE NORWOOD, TDCJ #601001, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-10-2197 |
| WARDEN O'HARE, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Stephen Wayne Norwood (TDCJ #601001, former TDCJ #426602, #356818, #322517, Federal #30951-177), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Norwood has filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights while in prison. Norwood has also filed a motion to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

I.  **BACKGROUND**

Norwood reports that he was "duly convicted" in Young County, Texas, and sentenced to life in prison in 1991. Court records show that Norwood was convicted of burglary of a building on that occasion in Young County cause number 6920. Norwood did not file a direct appeal from that conviction.

Norwood reports that he was released from state prison on parole on November 30, 2001. Sometime thereafter, Norwood was charged in a federal indictment with unlawful possession of a firearm (count one) and ammunition (count two) by a previously convicted felon. Records from that proceeding show that Norwood entered a guilty plea to the second count of that indictment on May 4, 2004. Norwood was ultimately sentenced to 180 months in federal prison to be served consecutive to the sentence imposed in state court cause number 6920. *See United States v. Norwood*, Crim. No. (N.D. Tex. Aug. 1, 2006). Norwood's state parole was revoked at some point and he was transferred from federal custody to TDCJ. Norwood insists that his parole was revoked without due process. Nevertheless, Norwood remains in state custody at the Wynne Unit in Huntsville.

In his pending civil rights complaint under 42 U.S.C. § 1983, Norwood sues Warden O'Hare and several other TDCJ officials assigned to the Wynne Unit, where Norwood resides. Norwood does not challenge any of his underlying convictions or the validity of his parole revocation here. Instead, he complains that the defendants have assigned him to perform labor at the Wynne Unit in violation of his constitutional right to be free from "slavery" and "involuntary servitude." Norwood reasons that, because his parole revocation was invalid, he cannot be required to perform work without pay while in prison.

Norwood seeks $50.00 in "back pay" for each month that he was required to work following the revocation of his parole. Norwood also seeks compensatory damages in the form of an hourly wage ($25.00 per hour) for work already performed since his return to TDCJ and punitive damages in the amount of $10,000.00 from each of the defendants. The

2

Court concludes, however, that Norwood's complaint must be dismissed for reasons discussed below.

## II.   **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless

legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 29 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

## III. DISCUSSION

As outlined above, Norwood complains that the defendants have forced him to perform work without pay in violation of his constitutional rights and he seeks damages under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate first, a violation of the Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law. *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005) (internal citations omitted). Norwood does not establish a constitutional violation here.

Compelling an inmate to work without pay is not unconstitutional. *See Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006) (citing *Murray v. Mississippi Dept. of Corr.,* 911 F.2d 1167, 1167 (5th Cir. 1990)). The Thirteenth Amendment to the Unites States Constitution, which prohibits slavery and involuntary servitude, expressly exempts work performed as punishment after a party has been duly convicted of a crime. *See* U.S. CONST. amend. XIII, § 1. The failure of a state specifically to sentence an inmate to hard labor does not change this rule. *See Loving*, 455 F.3d at 563 (citing *Ali v. Johnson*, 259 F.3d 317, 317-18 (5th Cir. 2001)).

Norwood concedes he is a duly convicted felon who is currently imprisoned as the result of a life sentence that was imposed in 1991. A review of the pleadings and the attached grievances shows that Norwood does not allege that he has been forced to perform labor under conditions that could be deemed cruel or that he has been required to work in excess of his physical capacity. Norwood's allegation of involuntary servitude is legally

frivolous and fails to state a valid claim. *See Loving*, 455 F.3d at 564; *see also Mikeska v. Collins,* 900 F.2d 833, 837 (5th Cir. 1990) ("[C]ompensating prisoners for work is not a constitutional requirement but, rather, 'is by the grace of the state.'") (quoting *Wendt v. Lynaugh,* 841 F.2d 619, 621 (5th Cir. 1988)). Therefore, the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Stephen Wayne Norwood (TDCJ #601001) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice as legally frivolous and for failure to state a valid claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on June 24, 2010.

_____
Nancy F. Atlas
United States District Judge